Mr. Robert S. Shafer Friday, Eldredge Clark 2000 First Commercial Building 400 West Capitol Little Rock, AR 72201-3493
Dear Mr. Shafer:
This is in response to your request, received by this office on January 20, 1993, for certification of the following popular name and ballot title pursuant to A.C.A. § 7-9-107 (Supp. 1991):
Popular Name
ARKANSAS SOFT DRINK TAX ACT
Ballot Title
 A tax on soft drinks and powdered drinks costing two dollars ($2.00) per gallon for each gallon of soft drink syrup or simple syrup sold or offered for sale in the State; twenty-one cents ($0.21) per gallon for each gallon of bottled soft drinks sold or offered for sale in the State; and twenty-one cents ($0.21) for each gallon of soft drink which may be produced from powder or other base product, other than a syrup or simple syrup, sold or offered for sale in the State; and enacted on December 21, 1992;
 Defining certain terms used in the Act; exempting certain liquid or powder products from the tax; providing that the Act shall be administered in accordance with the Arkansas Tax Procedure Act unless otherwise provided; declaring an effective date of March 1, 1993; and for other purposes.
The above popular name and ballot title are submitted in connection with a petition for referendum pursuant to Amendment 7
to the Arkansas Constitution. The Attorney General is required pursuant to Section 7-9-107 (Repl. 1991) to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of the act which is the subject of the referendum petition.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the act being referred. See ArkansasWomen's Political Caucus v. Riviere, 282 Ark. 463, 466,677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the act. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976);Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the measure which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). It has been stated that the ballot title must contain any information that would "give the elector `serious ground for reflection'". Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990), citing Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403
(1988). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen,303 Ark. 482, 798 S.W.2d 71 (1990) citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Applying these precepts, it is my conclusion that the popular name is sufficient. It is therefore approved as submitted. The following ballot title is, however, substituted for that proposed in order to insure that, when construed together, the popular name and ballot title will fully apprise the voter of the purpose of the act being referred:
Ballot Title
 AN ACT LEVYING A TAX ON SOFT DRINKS AND POWDERED DRINKS COSTING TWO DOLLARS ($2.00) PER GALLON FOR EACH GALLON OF SOFT DRINK SYRUP OR SIMPLE SYRUP SOLD OR OFFERED FOR SALE IN THE STATE, TWENTY-ONE CENTS ($0.21) PER GALLON FOR EACH GALLON OF BOTTLED SOFT DRINKS SOLD OR OFFERED FOR SALE IN THE STATE, AND TWENTY-ONE CENTS ($0.21) FOR EACH GALLON OF SOFT DRINK WHICH MAY BE PRODUCED FROM POWDER OR OTHER BASE PRODUCT, OTHER THAN A SYRUP OR SIMPLE SYRUP, SOLD OR OFFERED FOR SALE IN THE STATE; REQUIRING DISTRIBUTORS, WHOLESALERS AND MANUFACTURERS WHO SELL OR OFFER SYRUPS, SIMPLE SYRUPS, POWDERS, BASE PRODUCTS OR SOFT DRINKS FOR SALE TO RETAIL DEALERS WITHIN THE STATE TO OBTAIN A LICENSE FROM THE DIRECTOR OF THE DEPARTMENT OF FINANCE AND ADMINISTRATION; AND REQUIRING LICENSURE OF RETAILERS WHO PURCHASE SYRUPS, SIMPLE SYRUPS, POWDERS, BASE PRODUCTS OR SOFT DRINKS FROM UNLICENSED MANUFACTURERS, WHOLESALERS OR DISTRIBUTORS; PROVIDING THAT THE TAX SHALL BE PAID BY THE DISTRIBUTOR, WHOLESALER OR MANUFACTURER WHEN THE SYRUP, POWDER, BASE PRODUCT OR SOFT DRINK IS SOLD, AND BY A RETAILER WHO PURCHASES SYRUPS, POWDERS, BASE PRODUCTS OR SOFT DRINKS FROM AN UNLICENSED DISTRIBUTOR, WHOLESALER OR MANUFACTURER; DEFINING CERTAIN TERMS USED IN THE ACT; EXEMPTING CERTAIN LIQUID OR POWDER PRODUCTS FROM THE TAX; PROVIDING THAT THE ACT SHALL BE ADMINISTERED IN ACCORDANCE WITH THE ARKANSAS TAX PROCEDURE ACT UNLESS OTHERWISE PROVIDED; PROVIDING THAT THE PROCEEDS OF THE TAX SHALL BE DEPOSITED IN THE STATE TREASURY AS GENERAL REVENUES; THE SAME BEING ACT 7 OF THE SECOND EXTRAORDINARY SESSION OF 1992, ENACTED ON DECEMBER 21, 1992 AND EFFECTIVE ON AND AFTER MARCH 1, 1993.
Pursuant to A.C.A. § 7-9-108 (Supp. 1991), instructions to canvassers and signers are enclosed herewith.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh